## Fuller's Estate

*William S. Morrow*, for administratrix.

*S. E. Troutman*, for exceptant.

BARNETT, P. J., December 30, 1939.—William E. Fuller, a veteran of the World War, died March 6, 1938, at the Veterans' Hospital, Coatesville, Pa., of which institution he had been for several years an inmate. He is survived by his parents and his widow, Amber H. Fuller. His estate consisted of seven adjusted service bonds, since redeemed at $374.99 and a bank balance of $20, making a total of $394.99. He left no will. Letters of administration were issued to his widow, who claimed her widow's exemption and had appraised and set aside to her the said sum of $394.99. Exceptions have been filed to this appraisement by C. C. Nickel, who claimed a balance of $265 is due him for his services and materials furnished

by him as undertaker conducting the funeral of decedent. The reasons stated in the exceptions are: (1) That the widow waived her right to claim the exemption and is estopped by her waiver, and (2) that she had deserted her husband for more than a year and is not entitled to the exemption.

The bill for the funeral was $400, on account of which $75 was paid by the County of Perry and $60 by the Veterans Bureau, leaving the balance claimed. Mr. Nickel testified that when the widow and parents desired a funeral out of proportion to the estate of the deceased and much above the county and Federal allowances for a veteran's funeral, he asked how the expense was to be met and was told by the widow that it should be paid out of the deceased's adjusted service bonds. Mrs. Fuller denies making such a promise, but she is contradicted, and Nickel's testimony is strongly corroborated by an application to the Treasury Department of the United States, signed and sworn to by Mrs. Fuller, in which it is requested that six of the bonds, identified by serial numbers, should be immediately payable to C. C. Nickel. From the testimony and the certified photostatic copy of the application we have no hesitation in finding that the alleged promise was made to Nickel before the funeral and confirmed by the application after it had taken place. The promise and the subsequent direction as to the six bonds undoubtedly constituted a waiver by the widow to her exemption insofar as her claim might conflict with the payment of the funeral bill, and she must be held estopped by her promise and conduct from retaining so much of the fund set aside to her as is required for payment of the bill. The conclusion makes it unnecessary to consider the second reason assigned for the exception.

And now, December 30, 1939, the exception is sustained upon the first reason assigned in its support, and the administratrix is directed to pay out of the fund in her hands the sum of $265 to C. C. Nickel, exceptant, in dis-

charge of the balance due him for the funeral of decedent. Costs to be paid out of the remaining funds of the estate. Exception allowed the widow and administratrix.